# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD HADLEY, | CASE NO: 1:10-cv-00870-LJO-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING THREE STRIKES AND RULE 11(b)(3) SANCTION |
| v. | |
| J. PRUD HOMME, et al., | (Doc. 1) |
| Defendants. / | |

**I.     Procedural History**

Leonard Hadley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On May 17, 2010, Plaintiff filed his original complaint.  (Doc. 1).

**II.     Three Strikes**

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.  Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.  Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has four prior actions dismissed for being frivolous or for failing to state a claim for which relief can be granted under section 1983. Those cases are: 1) *Hadley v. Rios, et al.*, 2:05-cv-07726-UA-PLA (C.D. Cal.) (dismissed December 1, 2005, for being frivolous); 2) *Hadley v. Rios, et al.*, 5:05-cv-01185-UA-PLA (C.D. Cal.) (dismissed February 2, 2006, for being frivolous); 3) *Hadley v. State of California, et al.*, 2:07-cv-01592-FCD-EFB (E.D. Cal.) (dismissed March 13, 2008, for failure to state a claim); and 4) *Hadley v. Yates, et al.*, 2:09-cv-01583-GEB-CMK (E.D. Cal.) (dismissed November 30, 2009, for failure to state a claim).

Moreover, the Court finds that a dismissal pursuant to *Heck* counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Additionally, several other courts have held that dismissals under *Heck* count as strikes under 28 U.S.C. § 1915(g). *See e.g.*, *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."). Therefore, the Court takes judicial notice that the Plaintiff has five prior actions dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) for not stating a cognizable claim under section 1983. Those cases are: 5) *Hadley v. San Bernardino Public Defenders Office, et al.*, 2:03-cv-01251-UA-PLA (C.D. Cal.) (dismissed March 3, 2003, for failure to state a claim under *Heck*); 6) *Hadley v. San Bernardino County, et al.*, 5:05-cv-00920-UA-PLA (C.D. Cal.) (dismissed November 2, 2005, for failure to state a claim under *Heck*); 7) *Hadley v. San Bernardino County, et al.*, 5:05-cv-00951-UA-CW (C.D. Cal.) (dismissed November 8, 2005, for

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

failure to state a claim under *Heck*); 8) *Hadley et al v. San Bernardino County, et al.*, 5:05-cv-01155-UA-CW (C.D. Cal.) (dismissed February 13, 2006, for failure to state a claim under *Heck*) and 9) *Hadley v. Schwarzenegger, et al.*, 5:10-cv-00017-UA-PLA (C.D. Cal.) (dismissed January 12, 2010, for failure to state a claim under *Heck*).

It appears to the Court that Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on May 17, 2010. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

**III. Rule 11(b)**

It appears that Plaintiff falsely states in his complaint and amended complaint that he has only two previous or pending lawsuits in addition to this case when, in fact, Plaintiff has filed several actions. Rule 11(b)(3) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3).

At the time of filing the complaint, Plaintiff has filed over ten other civil suits while as a prisoner.[2] Plaintiff's failure to provide information about previous lawsuits interferes with the

---

[2] Plaintiff has filed the following actions: 1) *Hadley v. San Bernardino Public Defenders Office, et al.*, 2:03-cv-01251-UA-PLA (C.D. Cal.) (dismissed March 3, 2003); 2) *Hadley v. Penrod, et al.*, 2:03-cv-00200-DSF-PLA (C.D. Cal.) (dismissed February 9, 2004); 3) *Hadley v. San Bernardino County, et al.*, 5:05-cv-00920-UA-PLA (C.D. Cal.) (dismissed November 2, 2005); 4) *Hadley v. San Bernardino County, et al.*, 5:05-cv-00951-UA-CW (C.D. Cal.) (dismissed November 8, 2005); 5) *Hadley v. Rios, et al.*, 2:05-cv-07726-UA-PLA (C.D. Cal.) (dismissed December 1, 2005); 6) *Hadley v. Rios, et al.*, 5:05-cv-01185-UA-PLA (C.D. Cal.) (dismissed February 2, 2006); 7) *Hadley et al v. San Bernardino County, et al.*, 5:05-cv-01155-UA-CW (C.D. Cal.) (dismissed February 13, 2006); 8) *Hadley v. State of California, et al.*, 2:07-cv-01592-FCD-EFB (E.D. Cal.) (dismissed March 13, 2008); 9) *Pierce v. San Bernardino County et al.*, 5:05-cv-00866-AHM-JWJ (C.D. Cal.) (dismissed September 15, 2008); 10) *Hadley v. City of San Bernardino et al.*, 2:09-cv-01981-UA-PLA (C.D. Cal.) (dismissed March 30, 2009); 11) *Hadley v. Yates, et al.*, 2:09-cv-01583-GEB-CMK (E.D. Cal.) (dismissed November 30, 2009); 12) *Hadley v. Schwarzenegger, et al.*, 5:10-cv-00017-UA-PLA (C.D. Cal.) (dismissed January 12, 2010).

Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11). It appears from Plaintiff's history of litigation and repeatedly stating in different actions that he has filed only two cases, that this misrepresentation of prior cases is willful and in bad faith. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). As Plaintiff is seeking to proceed in forma pauperis, the Court finds that monetary sanctions would be inappropriate and that instead the appropriate sanction for violating Rule 11(b)(3) is to dismiss the case without prejudice. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994).

**IV. Conclusion**

Because it appears that the Plaintiff has on three or more prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim and it appears that Plaintiff has violated Rule 11(b)(3) of the Federal Rules of Civil Procedure, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions do not count as "strikes" under 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

///
///
///
///
///
///
///
///

2.     Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the false statement of prior litigation in Plaintiff's complaint does not violate Rule 11(b)(3) of the Federal Rules of Civil Procedure and why this action should not be dismissed without prejudice as the appropriate sanction for violating Rule 11(b)(3).

IT IS SO ORDERED.

Dated:     May 24, 2011

                                 UNITED STATES MAGISTRATE JUDGE