# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD HADLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. PRUD HOMME, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO: 1:10-cv-00870-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING REVOKING IFP STATUS PURSUANT SECTION 1915(g) AND DISMISSING ACTION FOR RULE 11(b)(3) SANCTION<br><br>(Doc. 1) |

**I.    Procedural History**

Leonard Hadley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 17, 2010, Plaintiff filed his original complaint. (Doc. 1). On July 7, 2010, Plaintiff filed the first amended complaint. On May 24, 2011, the Court issued an Order to Show Cause as to why Plaintiff's IFP status should not be revoked and why this case should not be dismissed without prejudice as a Rule 11(b)(3) sanction for misrepresenting Plaintiff's litigation history on his complaint. (Doc. 11). On June 13, 2011, Plaintiff filed a response to the Court's Order to Show Cause. (Doc. 12).

**II. Preclusion from IFP Status Pursuant to Section 1915(g)**

**A. Three Strikes**

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code

governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has four prior actions dismissed for being frivolous or for failing to state a claim for which relief can be granted under section 1983. Those cases are: 1) *Hadley v. Rios, et al.*, 2:05-cv-07726-UA-PLA (C.D. Cal.) (dismissed December 1, 2005, for being frivolous); 2) *Hadley v. Rios, et al.*, 5:05-cv-01185-UA-PLA (C.D. Cal.) (dismissed February 2, 2006, for being frivolous); 3) *Hadley v. State of California, et al.*, 2:07-cv-01592-FCD-EFB (E.D. Cal.) (dismissed March 13, 2008, for failure to state a claim); and 4) *Hadley v. Yates, et al.*, 2:09-cv-01583-GEB-CMK (E.D. Cal.) (dismissed November 30, 2009, for failure to state a claim).

Moreover, the Court finds that a dismissal pursuant to *Heck* counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Additionally, several other courts have held that dismissals under *Heck* count as strikes under 28 U.S.C. § 1915(g). *See e.g.*, *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."). Therefore, the Court takes judicial notice that the Plaintiff has five prior actions dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) for not stating a cognizable claim under section 1983. Those cases are: 5) *Hadley v. San Bernardino Public*

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

*Defenders Office, et al.*, 2:03-cv-01251-UA-PLA (C.D. Cal.) (dismissed March 3, 2003, for failure to state a claim under *Heck*); 6) *Hadley v. San Bernardino County, et al.*, 5:05-cv-00920-UA-PLA (C.D. Cal.) (dismissed November 2, 2005, for failure to state a claim under *Heck*); 7) *Hadley v. San Bernardino County, et al.*, 5:05-cv-00951-UA-CW (C.D. Cal.) (dismissed November 8, 2005, for failure to state a claim under *Heck*); 8) *Hadley et al v. San Bernardino County, et al.*, 5:05-cv-01155-UA-CW (C.D. Cal.) (dismissed February 13, 2006, for failure to state a claim under *Heck*) and 9) *Hadley v. Schwarzenegger, et al.*, 5:10-cv-00017-UA-PLA (C.D. Cal.) (dismissed January 12, 2010, for failure to state a claim under *Heck*). The Court finds that Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on May 17, 2010.

**B.   Imminent Danger**

Under 28 U.S.C. § 1915(g) a prisoner may be excused from the three strikes provision precluding IFP status if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff must demonstrate that he was "under imminent danger of serious physical injury" at the time he filed the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007) (explaining that the exception to the three-strikes rule applies only "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). The Court must determine if: 1) the potential harm amounts to "serious physical injury" and; 2) whether the threat is "imminent." *Cervantes*, 493 F.3d at 1055-56. Moreover, a prisoner fails to meet the exception where claims of imminent danger are conclusory. *Cervantes*, 493 F.3d at 1057 n.11.

Plaintiff's original and amended complaints involve the treatment and management of his medical condition called "Brugada Syndrome." (Docs. 1, 8). Plaintiff states that he had an "AICD"[2] device implanted for the treatment of his condition. (Docs. 1, 8). Plaintiff claims implantation of the AICD device requires a specific specialist which was repeatedly denied. (Docs. 1, 8). Plaintiff states that on or around May 7, 2010, Defendant Jeane Pierre informed Plaintiff that Plaintiff would

---

[2] The Court presumes that Plaintiff means "Implantable Cardioverter Defibrillator."

3

never receive the prescribed treatment or appliances because Plaintiff was going to be paroled. (Docs. 1, 8). Although Plaintiff fails to specify, it appears from the notice of change of address that Plaintiff was paroled at some time before August 16, 2010. (Doc. 9). Plaintiff's amended complaint adds that his AICD device is "recalibrated" less frequently than recommended by the doctor who originally implanted the device (stating that the device should be "recalibrated" every ninety days) and the infrequency of "recalibrating" Plaintiff's AICD device places Plaintiff at risk of sudden death. (Doc. 8). Plaintiff also complains of not having a shower set aside for wheelchair access only and that he and other similarly situated wheelchair-bound inmates were excluded from activities and services enjoyed by the rest of the inmate population. (Doc. 1).

At the time of filing the complaint, Plaintiff failed to establish that not receiving treatment from a specific specialist would cause serious physical injury nor that, at the time of the complaint, did Plaintiff establish that the harm was imminent. *See Cervantes*, 493 F.3d at 1055-56. Moreover, the conclusory assertion that not having his AICD device "recalibrated" more frequently may cause sudden death fails to demonstrated that imminent danger actually existed. *See Cervantes*, 493 F.3d at 1057 n.11. Therefore, the Court finds that at the time of the complaint, Plaintiff failed to demonstrate that he was under imminent danger of serious physical injury.

### III.   Rule 11(b)

Plaintiff does not provide any explanation or substantive response to the Court's Order to Show Cause regarding the misrepresentation or prior litigation in Plaintiff's complaint. (Doc. 12). The Court finds that Plaintiff falsely states in his complaint and amended complaint that he has only two previous or pending lawsuits in addition to this case when, in fact, Plaintiff has filed several actions.[3] Rule 11(b)(3) of the Federal Rules of Civil Procedure states:

---

[3] Plaintiff has filed the following actions: 1) *Hadley v. San Bernardino Public Defenders Office, et al.*, 2:03-cv-01251-UA-PLA (C.D. Cal.) (dismissed March 3, 2003); 2) *Hadley v. Penrod, et al.*, 2:03-cv-00200-DSF-PLA (C.D. Cal.) (dismissed February 9, 2004); 3) *Hadley v. San Bernardino County, et al.*, 5:05-cv-00920-UA-PLA (C.D. Cal.) (dismissed November 2, 2005); 4) *Hadley v. San Bernardino County, et al.*, 5:05-cv-00951-UA-CW (C.D. Cal.) (dismissed November 8, 2005); 5) *Hadley v. Rios, et al.*, 2:05-cv-07726-UA-PLA (C.D. Cal.) (dismissed December 1, 2005); 6) *Hadley v. Rios, et al.*, 5:05-cv-01185-UA-PLA (C.D. Cal.) (dismissed February 2, 2006); 7) *Hadley et al v. San Bernardino County, et al.*, 5:05-cv-01155-UA-CW (C.D. Cal.) (dismissed February 13, 2006); 8) *Hadley v. State of California, et al.*, 2:07-cv-01592-FCD-EFB (E.D. Cal.) (dismissed March 13, 2008); 9) *Pierce v. San Bernardino County et al.*, 5:05-cv-00866-AHM-JWJ (C.D. Cal.) (dismissed September 15, 2008); 10) *Hadley v. City of San Bernardino et al.*,

4

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3).

At the time of filing the complaint, Plaintiff has filed over ten other civil suits as a prisoner. Plaintiff's failure to provide information about previous lawsuits interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11). It appears from Plaintiff's history of litigation and repeatedly stating in different actions that he has filed only two cases, that this misrepresentation of prior cases is willful and in bad faith. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). As Plaintiff is seeking to proceed in forma pauperis, the Court finds that monetary sanctions would be inappropriate and that instead the appropriate sanction for violating Rule 11(b)(3) is to dismiss the case without prejudice. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994).

**IV. Conclusion**

Because Plaintiff has on three prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim and because the Court finds that Plaintiff has violated Rule 11(b)(3) of the Federal Rules of Civil Procedure, the Court HEREBY RECOMMENDS:

1. To REVOKE Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g);

2. To VACATE the Court's order on May 18, 2010, directing the Director of the

---

2:09-cv-01981-UA-PLA (C.D. Cal.) (dismissed March 30, 2009); 11) *Hadley v. Yates, et al.*, 2:09-cv-01583-GEB-CMK (E.D. Cal.) (dismissed November 30, 2009); 12) *Hadley v. Schwarzenegger, et al.*, 5:10-cv-00017-UA-PLA (C.D. Cal.) (dismissed January 12, 2010).

5

|   |   |   |
|---|---|---|
| | | California Department of Corrections and Rehabilitation or his designee to deduct the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00; |
| | 3. | That the Clerk of the Court to serve a copy of this order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division and (2) the Director of the California Department of Corrections and Rehabilitation via the court's electronic case filing system (CM/ECF). |
| | 4. | Plaintiff's action should be DISMISSED WITHOUT PREJUDICE for violating Rule 11(b)(3) of the Federal Rules of Civil Procedure. |

IT IS SO ORDERED.

Dated:     June 21, 2011

UNITED STATES MAGISTRATE JUDGE